UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 4:24-cr-23-CEA-MJD-5 |
| | ) |
| STEPHANIE RAE TEROY | ) |

## **REPORT AND RECOMMENDATION**

On April 17, 2025, this Court conducted a plea hearing pursuant to 28 U.S.C. § 636(b). At the hearing, Defendant moved to withdraw her not guilty plea to Count One of the six-count Indictment and entered a plea of guilty to the lesser included offense of the charge in Count One of the Indictment, that is, conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) (the "Lesser Included Offense") in exchange for the undertakings made by the Government in the written plea agreement [Doc. 106]. On the basis of the record made at the hearing, this Court finds: (1) Defendant is fully capable and competent to enter an informed plea; (2) Defendant made the plea knowingly and with full understanding of each of the rights she waived; (3) Defendant made the plea voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; (4) Defendant understands the nature of the charge and penalties provided by law; and (5) the plea has a sufficient basis in fact.

Therefore, this Court **RECOMMENDS** Defendant's motion to withdraw her not guilty plea to Count One of the six-count Indictment be granted, her plea of guilty to the Lesser Included Offense be accepted, the District Judge adjudicate Defendant guilty of the charges set forth in the Lesser Included Offense, and a decision on whether to accept the plea agreement [Doc. 106] be

deferred until sentencing. This Court further **RECOMMENDS** Defendant remain in custody until sentencing in this matter or further court proceedings. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the District Judge.

    ENTER.

s/
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

    You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).